CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Chris Carson, Esq., SBN 280048
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Antonio Fernandez**, <br><br> Plaintiff, <br><br> v. <br><br> **Pamela K. Barker**, in individual and representative capacity as trustee of The Pamela K. Barker Revocable Trust created on 10-29-2001; <br> **DFC Recipe LLC**, a California Limited Liability Company; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Antonio Fernandez complains of Pamela K. Barker, in individual and representative capacity as trustee of The Pamela K. Barker Revocable Trust created on 10-29-2001; DFC Recipe LLC, a California Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

1

Complaint

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is paralyzed from the waist down and uses a wheelchair for mobility.

2. Defendant Pamela K. Barker, in individual and representative capacity as trustee of The Pamela K. Barker Revocable Trust created on 10-29-2001, owned the real property located at or about 4106 San Fernando Rd., Glendale, California, in January 2019.

3. Defendant Pamela K. Barker, in individual and representative capacity as trustee of The Pamela K. Barker Revocable Trust created on 10-29-2001, owns the real property located at or about 4106 San Fernando Rd., Glendale, California, currently.

4. Defendant DFC Recipe LLC owned Dinah's Chicken located at or about 4106 San Fernando Rd., Glendale, California, in January 2019.

5. Defendant DFC Recipe LLC owns Dinah's Chicken ("Restaurant") located at or about 4106 San Fernando Rd., Glendale, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. The Court has subject matter jurisdiction over the action pursuant to 28

Complaint

U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Restaurant in January 2019 to eat.

11. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

12. Restrooms are one of the facilities, privileges and advantages offered by Defendants to patrons of the Restaurant.

13. The restroom doorway clear passage width was less than 32 inches and inaccessible to wheelchair users. In fact, the restroom doorway was about 26 inches wide.

14. Because the restroom doorway was too narrow, plaintiff could not get into the restroom.

15. Currently, the restroom doorway clear passage width is less than 32 inches and inaccessible to wheelchair users.

16. Plaintiff personally encountered this barrier.

17. This inaccessible facility denied the plaintiff full and equal access and caused him difficulty.

18. Meanwhile, and even though the plaintiff did not personally confront the barriers, the toilet stall is improperly configured and too small for

wheelchair users, measuring 40 inches in width and 82 inches in depth.

19. Instead of providing two grab bars on adjacent or parallel walls for use by persons with disabilities who need to transfer to the toilet, there is only one grab bar.

20. The paper towel dispenser is mounted so that its highest operable part is greater than 48 inches above the finish floor and inaccessible to wheelchair users. In fact, the paper towel dispenser is about 55 inches high.

21. The restroom mirror is mounted on the wall so that its bottom edge is more than 40 inches above the finish floor. In fact, the restroom mirror is about 49 inches high.

22. The plumbing underneath the sink is not wrapped to protect against burning contact.

23. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

24. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

25. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

26. The mirror could be lowered at little to no cost.

27. The restroom dispenser could be lowered to a compliant height for little to no cost.

28. Insulation can be installed under the sink at a cost of no more than $25.

Complaint

29. Plaintiff will return to the Restaurant to avail himself of their goods or services and to determine compliance with the disability access laws. He is currently deterred from doing so because of his knowledge of the existing barriers. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

30. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

31. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

32. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford

       goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

33. All doors to restrooms must have a minimum clear opening of 32 inches with the door open 90 degrees, measured between the face of the door and the opposite stop. 2010 Standards § 404.2.3.

34. Here, the failure to provide the 32 inch wide restroom doorway opening is a violation of the ADA.

35. Where a toilet stall is provided in a restroom in existing facilities, the size and arrangement of the standard toilet stall must be at least 60 inches wide by 56 inches deep. 2010 Standards § 604.3.1.

36. Here, the toilet area does not comply and is in violation of the law.

37. For a toilet to be considered accessible under the ADA, there must be two grab bars on walls adjacent to the toilet to assist persons with disabilities to transfer to the toilet. 2010 Standards § 604.5.

Complaint

38. Here, the failure to provide two compliant grab bars is a violation.

39. Mirrors shall be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the finish floor. 2010 Standards § 603.3.

40. Here, the mirror is mounted higher than the maximum permitted and is a violation of the ADA.

41. If controls, dispensers, receptacles or other equipment is provided in a restroom, they must be on an accessible route and be mounted so that their highest operable parts are no greater than 48 inches above the floor. 2010 Standards § 308.3.

42. Here, the failure to ensure that the wall mounted accessories meet the height requirement is a violation of the ADA.

43. Hot water and drain pipes under lavatories must be insulated or otherwise configured to protect against contact. 2010 Standards §606.5.

44. Here, the failure to wrap the plumbing underneath the sink is a violation of the ADA.

45. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

46. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

47. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

48. Plaintiff repleads and incorporates by reference, as if fully set forth

Complaint

again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

49. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

50. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

51. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

Complaint

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: February 11, 2019          CENTER FOR DISABILITY ACCESS

By: _____
    Chris Carson, Esq.
    Attorney for plaintiff

Complaint